940 F.2d 666
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Leo Victor SAVAGE, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF INVESTIGATION and Director William
Webster, Defendants-Appellees.
 No. 90-1110.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 25, 1991.*
Decided July 31, 1991.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 
 1
 Mr. Leo Victor Savage appeals from a grant of summary judgment in favor of the Federal Bureau of Investigation ("FBI"). Following a request for certain documents pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. Sec. 552, the FBI informed Mr. Savage that the cost of retrieval and duplication of the documents would be approximately $39.20. Mr. Savage requested a waiver of the duplication cost.[1] After the FBI rejected his request, Mr. Savage filed suit in district court appealing the administrative denial of the fee waiver by the FBI. The district court dismissed the action as frivolous. 28 U.S.C. Sec. 1915(a). Mr. Savage appealed the dismissal and this court vacated and remanded the case because the record did not contain the documents or a summary of their character or substance by which to determine if Mr. Savage was entitled to a fee waiver. Savage v. USA, 826 F.2d 561 (7th Cir.1987).
 
 
 2
 On remand, the Magistrate Judge submitted a Report and Recommendation suggesting that summary judgment be granted in favor of defendant based on plaintiff's failure to show that he was entitled to a fee waiver. In his objection to the Report and Recommendation Savage agreed to pay the $39.20 duplication fee but questioned whether the FBI's disclosure would fully comply with the FOIA. Consequently, the district court determined that the complaint was moot and granted summary judgment for the FBI reasoning that any issue regarding what would be included among the documents was premature.
 
 
 3
 We agree with the district court. On appeal, Mr. Savage asserts that the district court erred in granting summary judgment for the FBI because there still remains some question whether he will receive all the documents to which he believes he is entitled.[2] This argument, however, is without merit. Mr. Savage sought review in the district court of the FBI's decision not to waive the duplicating fee. 826 F.2d at 562. He did not, and could not at that time, challenge whether the FBI would be forthcoming with all the documents to which he is entitled under the FOIA. Thus, the district court was correct in concluding that his complaint was moot when he agreed to pay the fee and that Mr. Savage's other claim raised in the objection to the Report and Recommendation was premature. See Hall v. Beals, 396 U.S. 45, 48 (1969), Flast v. Cohen, 392 U.S. 83, 95 (1968), Tennessee Gas Pipeline Company v. Federal Power Commission, 606 F.2d 1373, 1379-80 (D.C.Cir.1979).
 
 
 4
 Accordingly, the district court's grant of summary judgment in favor of the FBI and the denial of all other relief is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Plaintiff-appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Sec. 552(a)(4)(A) of the FOIA, at that time, provided in pertinent part:
 "Documents shall be furnished without charge or at a reduced charge where the agency determines that waiver or reduction of the fee is in the public interest because furnishing the information can be considered as primarily benefitting the general public."
 Mr. Savage alleged on his complaint in the district court that he was entitled to a fee waiver because the documents would "shed" additional light on Watergate." (R. 1, Complaint).
 
 
 [2]
 Mr. Savage also contends that the district court erroneously construed his case as a civil rights case. As we stated previously, it is Mr. Savage who mistook the ground of the suit. 826 F.2d at 562-63. There is no indication from the record that the district court committed any error of fact or law as a result of its description of the complaint. (R. 4, Memorandum Opinion and Order at 1)